**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Judy SOROTA, Defendant-Appellant.**

No. 75–1144
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 7, 1975.

Max B. Kogen, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Judy Sorota was charged on one count of a two-count indictment with devising a scheme to defraud Southern Bell Telephone Company of monies due for long-distance telephone calls through the use of a toll fraud device known as a "blue box," in violation of 18 U.S.C. § 1343.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Robert Sorota was similarly charged in two counts of the indictment. Both parties waived trial by jury. After a trial before Judge King, Robert Sorota was acquitted for lack of sufficient evidence. The court found Judy Sorota guilty of placing a fraudulent call from Miami, Florida, to Newton, Massachusetts, and sentenced her to two years' probation and ordered her to pay a $1,000 fine. The sole issue on appeal is the sufficiency of the evidence.

◼ Taking the evidence in the light most favorable to the Government, United States v. Warner, 5 Cir., 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58, it appears that the Government proved that (1) a toll fraud device or "blue box" was utilized from the Sorotas' telephone, (2) the device was in use between a period from February 6, 1973, to March 21, 1973, (3) a phone call was made from the Sorota telephone to Newton, Massachusetts, on March 12, 1973, through the use of a "blue box," (4) the FBI discovered in the Sorota apartment a list of "800" numbers, which are used to gain access to long-distance lines prior to using a "blue box," and (5) one of the numbers on the list discovered in the Sorota apartment was used to place the fraudulent call to Newton, Massachusetts, for which Judy Sorota was indicted. Indeed, the defense does not seriously challenge the Government's evidence to this point. The dispute on appeal centers around the comparison at trial of a voice exemplar of Judy Sorota with a salutation on the fraudulent call which had been recorded through the use of a Hekimian device.

◼ The FBI made voice exemplars of Judy Sorota's voice; she was required to read the text of conversations previously recorded by the Hekimian device. The recording of the telephone conversation lasted only one minute, and thus Judy Sorota's conversation was only the salutation, "Hi, Judy Sorota. How are you?" Sorota contends that while the evidence may show that Southern Bell was defrauded, there was insufficient evidence to show that she was the person who made the long-distance call in question. More specifically, it is contended that as a matter of law, her participation in the phone call cannot be proven by a layman-judge comparing a voice exemplar with a very brief salutation from the call in question. Sorota relies on United States v. Ross, 2 Cir., 1963, 321 F.2d 61, 69, cert. denied, 375 U.S. 894, 84 S.Ct. 170, 11 L.Ed.2d 123, for the proposition that evidence that a telephone caller identified himself as the defendant does not give rise to an inference that the defendant was in fact the caller. The Government does not dispute this as a matter of law, agreeing that, standing alone, the statement "Hi, Judy Sorota" would be insufficient to identify Judy Sorota as the caller. Rather, the Government contends that the opportunity the court had to compare the recordings is sufficient, in light of all the other evidence, to establish that Judy Sorota was in fact the caller.

We agree with the Government's contention. In the *Ross* case relied on by the defense the Second Circuit held that while the phone salutation alone would not establish guilt, the additional evidence supplied made the proof of guilt "clearly sufficient" to uphold the conviction. United States v. Ross, *supra*, 321 F.2d at 69; see 7 Wigmore on Evidence 617 (3d ed. 1940). Similarly, in the instant case, the tape recording was but one facet of the Government's case. District Judge King's care in examining the recordings is best shown from the fact that he acquitted Robert Sorota after deciding that the tapes did not conclusively establish him as one of the callers. He reached the conclusion that Judy Sorota, however, was the person who had made the phone call and identified herself. This finding of fact, which we may not lightly dismiss, together with all the other evidence establishing a definite and consistent pattern of toll fraud activity from the Sorota phone, clearly provides substantial evidence of guilt sufficient to support the conviction. United States v. Warner, *supra*.

Affirmed.